**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW ALAN STUEVE,<br><br>Defendant. | **8:20CR173**<br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the Court on the Motion to Dismiss (Filing No. 35) filed by Defendant, Matthew Alan Stueve. Defendant filed a brief (Filing No. 36) in support of the motion and the government filed a brief (Filing No. 42) in opposition. Defendant seeks dismissal of Count II of the Indictment because "[t]he undisputed evidence in this case is insufficient as a matter of law to support a verdict on the charge." (Filing No. 36). For the following reasons, the undersigned magistrate judge recommends that the motion be denied.

## BACKGROUND

On June 17, 2020, a grand jury charged Defendant in a three-count indictment with (1) distribution of less than 50 kilograms of marijuana (Count I), (2) knowing use and carrying of a firearm during and in relation to, and in further of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count II), and (3) knowing possession of a stolen firearm (Count III). According to the parties' briefs, the charges all arise out of a controlled purchase that took place on November 18, 2019, between Defendant and a confidential informant ("CI") working for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), wherein the CI purchased a stolen firearm and marijuana from Defendant. (Filing No. 36; Filing No. 42). The controlled purchase was audio-visually recorded. Defendant argues that the audio-visual recording of this transaction conclusively demonstrates that Defendant engaged in a firearm sale and did not use or actively deploy the firearm during a drug trafficking offense. Defendant therefore asserts Count II must be dismissed because the videotape evidence fails to establish a violation of § 924(c)(1)(A). (Filing No. 36 at pp. 4-6).

## ANALYSIS

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and, for each count, "must give the official or customary citation

of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 12(b)(3)(B)(v) provides that a defect in the indictment, such as lack of specificity or failure to state an offense, must be raised by pretrial motion "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B). "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *United States v. Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016)(quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). The Court tests an indictment "solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Good*, 386 F. Supp. 3d 1073, 1083 (D. Neb. 2019)(quoting *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)). In other words, the Court does not consider evidence outside of the four corners of an indictment itself when determining if the indictment adequately states an offense. See *id.*; see also *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021)("[W]hen courts go beyond the face of the indictment, they are testing the sufficiency of the evidence, not whether the indictment stated an offense.").

Defendant argues that the audio-visual recording of the controlled purchase demonstrates that the evidence is insufficient to support a guilty verdict on Count II because the recording only shows he sold the firearm to the CI and did not use or actively deploy the firearm, as required by § 924(c)(1)(A). But, the Eighth Circuit has recently reaffirmed that "challenges to the evidence's 'sufficiency [are] tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29,' not by a 'dismissal of an indictment on the basis of predictions as to what the trial evidence will be.'" *Sholley-Gonzalez*, 996 F.3d at 893 (quoting *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000)). "[F]ederal criminal procedure does not 'provide for a pre-trial determination of sufficiency of the evidence.'" *Id.* (quoting *United States v. Critzer*, 951 F.2d 306, 307–08 (11th Cir. 1992)).

Defendant attempts to circumvent this well-established proposition of law by asserting that "this case has a small set of undisputed facts that even taken as wholly true[] fail to state an offense for which Defendant should stand trial," citing to *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). (Filing No. 36 at p. 3). However, the Ninth Circuit in *Nukida* actually affirmed that "a Rule 12(b) motion to dismiss [under the Federal Rules of Criminal Procedure] is not the proper way to raise a factual defense," and concluded the defendant's motion "amounted to a premature challenge

to the sufficiency of the government's evidence tending to prove a material element of the offense[.]" *Nukida*, 8 F.3d at 669-70.

Here, Defendant's arguments are directed at the sufficiency of the evidence supporting Count II of the indictment, not the facial validity of the allegations in the indictment. Defendant does not argue that the face of the indictment is insufficient, lacking in specificity, or otherwise fails to apprise him of the charge against him. Rather, Defendant argues the evidence itself fails to establish the elements of the crime. However, when considering a motion to dismiss, the Court considers whether an indictment "contains facially sufficient allegations," not the sufficiency of the evidence or whether Defendant is ultimately guilty. The Court will not invade the province of the jury by determining now, as a matter of law, that some of the government's anticipated evidence fails to establish the crime set forth in Count II of the Indictment. If after trial Defendant wishes to argue the evidence was insufficient, he can more appropriately raise that argument in a motion for a judgment of acquittal. See *Sholley-Gonzalez*, 996 F.3d at 893 ("[C]hallenges to the evidence's 'sufficiency [are] tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29,' not by a 'dismissal of an indictment on the basis of predictions as to what the trial evidence will be.'"); see also Fed. R. Crim. P. 29. Accordingly, the undersigned magistrate judge finds Defendant's motion to dismiss should be denied. Upon consideration,

**IT IS HEREBY RECOMMENDED** to Robert F. Rossiter, Jr., United States District Court Judge, that Defendant's Motion to Dismiss (Filing No. 35) be denied.

Dated this 14th day of June, 2021.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.